01
02
03
04           UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
05                      AT SEATTLE

06 RICHARD JOHN KING,              ) CASE NO. C07-1562-BHS
                                   )
07      Petitioner,                )
                                   )
08      v.                         ) REPORT AND RECOMMENDATION
                                   )
09 MAGGIE MILLER-STOUT,             )
                                   )
10      Respondent.                )
   _____ )
11

12              INTRODUCTION AND SUMMARY CONCLUSION

13      Petitioner is a state prisoner who is currently incarcerated at the Airway Heights

14 Corrections Center in Airway Heights, Washington, pursuant to a 1993 judgment and sentence

15 of the King County Superior Court. He has filed a petition for writ of habeas corpus under 28

16 U.S.C. § 2254 seeking to challenge that judgment and sentence. At this Court's direction,

17 respondent filed an answer to the petition together with relevant portions of the state court record.

18 The briefing is now complete, and this matter is ripe for review. This Court, having reviewed the

19 petition, respondent's answer thereto, and the balance of the record, concludes that petitioner's

20 federal habeas petition should be denied and this action should be dismissed with prejudice.

21                              FACTS

22      The Washington Court of Appeals summarized the relevant facts and procedural history

REPORT AND RECOMMENDATION
PAGE -1

01 of petitioner's state court criminal proceedings as follows:

02 On September 28, 1993, Richard King entered an Alford[1] plea to one count of first degree rape and one count of first degree robbery based on an incident on June 14, 1993, and to one count of first degree rape with a deadly weapon and one count of first degree robbery with a deadly weapon based on an incident on September 2, 1992. In discussing the potential sentence at the plea hearing, the prosecutor stated:

> In addition to the time you will be serving in prison, the judge will sentence you to community placement. That will be for at least one year. I believe that the judge could go as high as two years, since this is a sex offense. Two years would be the maximum the judge could put you on community placement.

King's plea statement stated that "[t]he court may read the original and supplemental affidavit of Probable Cause to determine a factual basis to take this plea and for sentencing." These affidavits stated that in the June 14, 1993 incident, King "displayed a kitchen-type knife with an approximately eight-inch blade" and that King "was on Department of Corrections community custody for ... Attempted Rape when he committed his alleged acts of June 14, 1993," that "[i]n June 1992, [King] was transferred to community custody" after serving time in prison for attempted rape, that in the September 2, 1992 incident, King "held a knife to [the victim's] throat", and that "[t]he knife was approximately six inches long."

The State's calculation of King's offender score utilized the fact that he was on community placement when the crimes occurred. King exercised his right of allocution at sentencing. The court imposed concurrent high-end sentences for counts I, II and IV, to run consecutively with the sentence for count III. Defense counsel acknowledged that such a sentence was required by the Sentencing Reform Act of 1981 (SRA). The court did not state the specific term of community placement. The Judgment and Sentence included the statutory requirement that King's sentence for these sex offenses include "community placement for two years or up to the period of earned release awarded pursuant to RCW 9.94A.150(1) and (2) whichever is longer."

King voluntarily withdrew his direct appeal in 1994. Years later, King filed a motion to amend the Judgment and Sentence under CrR 7.8. The trial court denied the motion on March 19, 2001. On appeal, the State conceded that the trial court erred in failing to specify the term of community placement. This court remanded for entry of the correct period of community placement.

---

[1] [Court of Appeals footnote 3] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162 (1970)

01  King argued for the first time at the hearing on remand that he had entered his Alford plea based on the prosecutor's statement that the maximum community placement term would be two years, and that because of this mutual mistake regarding the direct consequences of his plea, he should be able to receive specific performance of the two year community placement term. After King's attorney raised this issue, the following occurred:

> THE COURT: Isn't there a difference between what the State recommends and what Mr. King asks the court to do and ultimately what the sentencing judge decides to do? The judge isn't bound by the –
>
> THE DEFENDANT: Your Honor, may I respond to that?
>
> THE COURT: No, you can't, actually, you have got an attorney.
>
> THE DEFENDANT: Okay.

The court further stated:

> [T]he issue to me is what am I going [to] do now, and . . . to the extent that I have discretion on remand, I would exercise my discretion and impose the longest term I could.

The court entered an Order Modifying Judgment and Sentence stating that under the pertinent statutes, King was subject to "a potential maximum period of Community placement of 42 months under Count I."

(Dkt. No. 15, Ex. 3 at 2-4.)

Petitioner appealed the Superior Court's order modifying his judgment and sentence to the Washington Court of Appeals. (*See id.*, Ex. 12.) The Court of Appeals affirmed petitioner's sentence but remanded the matter back to the trial court with instructions that an incorrect statement regarding good time credit be stricken from the judgment and sentence. (*Id.*, Ex. 3 at 7.) Petitioner filed a motion for reconsideration, but that motion was denied. (*Id.*, Exs. 15 and 16.)

Petitioner next filed a petition for review in the Washington Supreme Court. (*Id.*, Ex. 17.)

01  The Washington Supreme Court denied review without comment. (*Id.*, Ex. 18.) The Court of

02  Appeals issued its mandate terminating review on February 2, 2007. (*Id.*, Ex. 19.) Petitioner now

03  seeks federal habeas review of his sentence.

## GROUND FOR RELIEF

Petitioner asserts the following five grounds for relief in his federal habeas petition:

**Ground one**: My state and federal constitutional rights to a jury trial and to due process of law were violated when the sentencing court elevated the maximum possible penalty based on a finding that I was on community placement at the time of the offense.

**Ground two:** My state and federal constitutional rights to a jury trial and to due process of law were violated when the sentencing court imposed consecutive sentences based on a factual finding that my crimes were "separate and distinct."

**Ground three:** Where sentencing error was predicated on the parties' mutual mistake of law, the sentencing court erred in denying me my choice of remedies.

**Ground four:** My state and federal constitutional rights to a jury trial and to due process of law were violated when the sentencing court imposed a deadly weapon enhancement on Count 3 based on a judicial finding that I was armed with a deadly weapon during the crime's commission.

**Ground five:** I did not knowingly, intelligently, and voluntarily waive my right to have the sentencing court determine whether I was armed with a deadly weapon during the commission of Count 3 because I was not advised in my Alford plea of my right to a jury determination of the enhancement.

(Dkt. No. 4 at 9-11, and 13.)

## DISCUSSION

Respondent concedes in her answer to the petition that petitioner exhausted his first, second and fourth grounds for federal habeas relief. Respondent asserts, however, that petitioner failed to fully and fairly exhaust his third and fifth grounds for relief. This Court need not address the exhaustion questions posed by petitioner's third and fifth grounds for relief because failure to

exhaust does not necessarily preclude review by this Court. Section 2254(b)(2), provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." As explained in more detail below, this Court deems petitioner's third and fifth grounds for relief to be without merit and therefore subject to denial even absent exhaustion.

### Standard of Review

On federal habeas review, state court judgments carry a presumption of legality and finality. *McKenzie v. McCormick*, 27 F.3d 1415, 1418 (9th Cir. 1994), citing *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993). A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the

correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

### Ground One

Petitioner asserts in his first ground for relief that his constitutional rights to a jury trial and to due process were violated when the trial court elevated the maximum possible penalty for his offense based on a finding that he was on community placement at the time of his offense. Petitioner maintains that because this finding increased his offender score and, thus, his sentencing range, the fact of his community placement had to be proven to a jury beyond a reasonable doubt.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303 (emphasis in original). The Court went on to explain that "[i]n other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id*. at 303-4 (emphasis in original).

The Washington Court of Appeals rejected petitioner's claim that the trial court erred in using the fact that petitioner was on community placement in determining his sentence. (*See* Dkt.

REPORT AND RECOMMENDATION
PAGE -6

No. 15, Ex. 3 at 5.) The Court of Appeals explained that because petitioner had specifically allowed the trial court to use the original and supplemental affidavits of probable cause "to determine a factual basis to take this plea and for sentencing," neither *Apprendi* nor *Blakely* required that a jury find the facts relied upon by the trial court in determining petitioner's sentence. (*See id*.)

Petitioner fails to demonstrate that this decision of the Washington Court of Appeals was contrary to, or constituted an unreasonable application of, clearly established federal law. The record is clear that petitioner expressly consented to the trial court's use of the facts set forth in the original and supplemental affidavits of probable cause in determining petitioner's sentence. (*Id*., Ex. 20 at 5 and Ex. 23 at 19.) Among the facts set forth in those documents were that petitioner was on community custody at the time he committed all of the offenses charged in the amended information. (*Id*., Ex. 22.) The trial court's reliance on the fact that petitioner was on community custody in determining petitioner's offender score therefore did not violate the principles announced in *Apprendi* and *Blakeley*. Accordingly, petitioner's federal habeas petition should be denied with respect to his first ground for relief.

### Ground Two

Petitioner asserts in his second ground for federal habeas relief that his constitutional rights to a jury trial and to due process were violated when the sentencing court imposed consecutive sentences based on a factual finding that his crimes were "separate and distinct." The Washington Court of Appeals rejected this claim stating that "[t]he issue of the trial court's consideration of

the separate and distinct nature of the crimes in sentencing is controlled by State v. Cubias."[2]

In *Cubias*, the Washington Supreme Court concluded that the imposition of consecutive sentences under state law, RCW 9.94A.589(1)(b), does not implicate the concerns addressed by the United States Supreme Court in *Apprendi* and *Blakely* because the imposition of such sentences does not increase the penalty for any single offense beyond the statutory maximum provided for the offense. *State v. Cubias*, 155 Wn.2d 549, 556 (2005). Petitioner cites to no United States Supreme Court precedent holding that consecutive sentences violate the principles announced in *Apprendi* and *Blakely*, and this Court is aware of none.

Moreover, the record before this Court reflects that petitioner, in pleading guilty to each of the charged offenses, admitted all of the facts necessary to support the sentence imposed by the trial court. (*See* Ex. 15, Exs. 20 and 22.) Accordingly, petitioner's federal habeas petition should be denied with respect to his second ground for relief.

### Ground Three

Petitioner asserts in his third ground for relief that the sentencing court, on remand, erred in sentencing him to 42 months of community placement because the parties reasonably, though mistakenly, believed that petitioner's maximum term of community placement would be two years, and because petitioner was advised at the time he entered his plea that the maximum term of community placement would be two years. Petitioner maintains that this mutual mistake of law entitled him to specific performance of the term of community placement discussed at the time he entered his guilty plea.

---

[2] [Court of Appeals footnote 8]  155 Wn.2d 549, 120 P.3d 929 (2005).

REPORT AND RECOMMENDATION
PAGE -8

01    Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764,

02 780 (1990)(citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). It is not the province of federal

03 habeas courts to re-examine state court conclusions regarding matters of state law. *Estelle v.*

04 *McGuire*, 502 U.S. 62 (1991); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert.*

05 *denied*, 510 U.S. 1191 (1994). The state courts, in this instance, determined that petitioner was

06 not entitled to specific performance as a matter of state law. Petitioner offers no compelling

07 constitutional argument nor, in fact, any constitutional argument at all, to establish that federal

08 habeas review of this claim is warranted. Accordingly, petitioner's federal habeas petition should

09 be denied with respect to his third ground for relief.

10                                               Ground Four

11    Petitioner asserts in his fourth ground for relief that his constitutional rights to a jury trial

12 and to due process were violated when the sentencing court imposed a deadly weapon

13 enhancement with respect to count III of the information based on a judicial finding that he was

14 armed with a deadly weapon during the commission of the crime. As noted in the discussion of

15 petitioner's first ground for relief, petitioner expressly consented to the trial court's use of the

16 facts set forth in the original and supplemental affidavits of probable cause in determining

17 petitioner's sentence. (Dkt. No. 15, Ex. 20 at 5 and Ex. 23 at 19.) Among the facts set forth in

18 the supplemental affidavit of probable cause was that petitioner was armed with a knife during the

19 commission of the rape charged in count III of the amended information. (*Id*., Ex. 22 at 6-8.) The

20 trial court's reliance on the fact that petitioner was armed with a knife in imposing a deadly

21 weapon enhancement with respect to count III of the amended information therefore did not

22 violate the principles announced in *Apprendi* and *Blakeley*. Accordingly, petitioner's federal

REPORT AND RECOMMENDATION
PAGE -9

habeas petition should be denied with respect to his fourth ground for relief.

## Ground Five

Petitioner asserts in his fifth ground for relief that he did not knowingly, intelligently, and voluntarily waive his right to have the sentencing court determine whether he was armed with a deadly weapon during the commission of count III because he was not advised during his plea proceedings of his right to a jury determination of the enhancement.

Due process requires that a guilty plea be both knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea is voluntary only if the defendant was made fully aware of the direct consequences of the plea and the plea was not the result of threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970). A guilty plea is intelligently made if the defendant was advised by competent counsel, was made aware of the true nature of the charges against him, and nothing in the record indicates that he was incompetent. *Id*. at 756. "[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id*. at 757.

At the time petitioner entered his guilty plea, the United States Supreme Court had yet to render its decisions in *Apprendi* and *Blakely*. Thus, it had yet to be established that petitioner had a right, arising under the Sixth Amendment, to a jury determination of the facts regarding the deadly weapon enhancement. *Brady* makes clear that petitioner cannot now challenge the validity of his guilty plea on the ground that he was not advised of rights which, at the time he entered his plea, had yet to be recognized. *See Brady*, 397 U.S. at 757. Accordingly, petitioner's federal habeas petition should be denied with respect to his fifth ground for relief.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition be denied and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 25th day of March, 2008.

Mary Alice Theiler
United States Magistrate Judge